IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTY L. SHANDY**,

        Plaintiff,

        v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

        Defendant.

_____

**Civ. No. 6:13-cv-01895-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff filed this unopposed petition for attorney fees, ECF No. 24, in the amount of $4,865.49 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant does not oppose this petition. For the reasons set forth below, plaintiff's petition, ECF No. 24, is GRANTED IN PART and DENIED IN PART.

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (discussing "substantially justified"). If attorney fees are appropriate, this Court must then determine whether the amount of fees requested is reasonable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because defendant stipulates that plaintiff is entitled to attorney fees, this Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award of attorney fees

1 – OPINION AND ORDER

is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Thangaraja*, 428 F.3d at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[1] plaintiff is awarded fees at the hourly rates of $187.02 for 5.2[2] hours of work performed by counsel in 2013, and $189.78[3] for 19.80 hours of work performed by counsel in 2014. Plaintiff is also awarded costs for paralegal fees at the hourly rate of $90.00 for 1.35[4] hours. Accordingly, plaintiff is awarded attorney fees and costs in the amount of $4,851.65.[5]

IT IS SO ORDERED.

---

[1] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Nov. 14, 2014).

[2] This Court declines to award fees for "filed complaint w/ IFP; Copies to Claimant" as "purely clerical or secretarial." *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Accordingly, plaintiff's entry dated 10/24/13 is reduced by .10 hours.

[3] This Court upwardly modifies plaintiff's request from $189.08 to $189.78 to reflect the rates listed by the Ninth Circuit.

[4] This Court declines to award paralegal fees for "filed service packets with court clerk" and "filed substitution of counsel." *See Jenkins by Agyei*, 491 U.S. at 288 n. 10. Accordingly, plaintiff's entries dated 11/17/13 and 12/30/13 are each reduced by .05 hours.

[5] Payment of this award shall be made payable to plaintiff's attorney: Alan Stuart Graf, Pine St., Floyd, VA 24091. As discussed in *Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010), this award is subject to offset under the Treasury Offset Program.

2 – OPINION AND ORDER

DATED this 17th day of November, 2014.

_____
**Michael J. McShane**
**United States District Judge**